UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEMISTRE 8, LLC,<br>a New York Limited Liability Company,<br>Plaintiff,<br><br>v.<br><br>VAYDER, LLC; PAIGE LLC;<br>SFA HOLDINGS INC.;<br>SAKS.COM LLC dba<br>SaksFifthAvenue.com;<br>BLOOMINGDALE'S, LLC;<br>BLOOMINGDALES.COM, LLC; and<br>NORDSTROM, INC.,<br><br>Defendants. | Case No. 1:24-cv-08416-PKC<br><br>**STIPULATED CONFIDENTIALITY<br>AGREEMENT AND PROTECTIVE<br>ORDER** |

HON. P. KEVIN CASTEL, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and,

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential or Confidential – Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed material; or

(b) any other category of information given confidential status by this Court.

3. The Producing Party may only designate as Confidential – Attorneys' Eyes Only the portion(s) of Discovery Material that it reasonably, in good faith, believes consists of sensitive confidential information, the disclosure of which would create a substantial risk of serious injury, namely, previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins), and/or any information of a personal or intimate nature regarding any individual.

4. With respect to the Confidential or Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by: stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. Wherever practicable, the "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall be made prior to, or contemporaneously with, the production or disclosure of the Discovery Material.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Confidential – Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Confidential – Attorneys' Eyes Only Information Governed by Protective Order", or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Confidential – Attorneys' Eyes Only.

6. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without a Confidential or Confidential – Attorneys' Eyes Only designation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Confidential – Attorneys' Eyes Only. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Confidential – Attorneys' Eyes Only" designation within five business days of providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a

Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

    8.    Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order receiving such Discovery Material may disclose such information only to the following persons:

(a) the Parties to this action (other than in-house counsel, as identified *infra*), their insurers, and counsel to their insurers;

(b) outside counsel retained specifically for this action, provided that such counsel has entered an appearance in this case, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) in-house counsel for the Parties herein, if any, who are necessary for the furtherance of this litigation, including any paralegal, clerical, or other assistant that such in-house counsel employs and assigns to this matter;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non- Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) as to any document, its author, its addressee, and any other person

indicated on the face of the document as having previously received a copy;

(g) any witness whose counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and counsel for all parties agree or there is a ruling from the Court;

(h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action;

(j) this Court, including any appellate court, its support personnel, and court reporters; and

(k) any other persons who may be specifically designated by consent of all Parties' counsel of record or pursuant to an order of the Court, provided that such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

9. Where a Producing Party has designated Discovery Material as Confidential – Attorneys' Eyes Only, such Discovery Material may only be disclosed to:

(a) outside counsel retained specifically for this action, provided that such counsel has entered an appearance in this case, including any paralegal, clerical, or other assistant that such outside counsel

|     |     |
| --- | --- |
|     | employs and assigns to this matter; |
| (b) | in-house counsel for the Parties herein, if any, who are necessary for the furtherance of this litigation, including any paralegal, clerical, or other assistant that such in-house counsel employs and assigns to this matter; |
| (c) | any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non- Disclosure Agreement in the form annexed as an Exhibit hereto; |
| (d) | as to any document, its author, its addressee, and any other person indicated on the face of the document as having previously received a copy; |
| (e) | any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; |
| (f) | stenographers engaged to transcribe depositions the Parties conduct in this action; |
| (g) | this Court, including any appellate court, its support personnel, and court reporters; and |
| (h) | any other persons who may be specifically designated by consent of all Parties' counsel of record or pursuant to an order of the Court, provided that such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. |

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(e), 8(g), 8 (h), 8(k), 9(c), 9(e) or 9(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. This Order binds the Parties and certain others to treat as Confidential or Confidential – Attorneys' Eyes Only any Discovery Material so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Confidential – Attorneys' Eyes Only hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. In filing Confidential or Confidential – Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Confidential – Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System in accordance with Rule 9(B) of the Court's Individual Rules of Practice in Civil Cases. In accordance with Rule 9(C) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential or Confidential – Attorneys' Eyes Only Discovery Material under seal must file a letter motion

seeking leave to file the same under seal.

13. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules of Practice in Civil Cases.

15. Recipients of Confidential or Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights

of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential or Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena via a letter-motion with the Court, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential or Confidential – Attorneys' Eyes Only Discovery Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Confidential- Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Confidential – Attorneys' Eyes Only Discovery Material. Any such archival copies that contain

or constitute Confidential or Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Confidential – Attorney's Eyes Only Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. The parties agree to be bound by the terms of this Stipulated Confidentiality Agreement and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Confidentiality Agreement and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein, and as such, further agree that this Protective Order applies to all Discovery Material produced in the Litigation, whether produced before or after the entry of this Protective Order and whether produced by a party or non-party.

SO STIPULATED AND AGREED.

                                                **SUTTON IP ASSOCIATES, P.A.**

                                    By: s/Joseph E. Sutton/
                                          Joseph E. Sutton, Esq. (JS-9864)
                                          Anthony M. Morano, Esq.
                                          15 West 37th St., 11th Floor
                                          New York, New York 10018
                                          (Ph.) 732-634-3520
                                          jsutton@ezrasutton.com
                                          amorano@ezrasutton.com

*Attorneys for Plaintiff
Kemistre 8, LLC*

**RESCH POLSTER & BERGER LLP**

By: /S/ Andrew V. Jablon/
Andrew Victor Jablon *(Pro Hac Vice)*
ajablon@rpblaw.com
1840 Century Park East
Ste 17th Floor
Los Angeles, CA 90067
Tel: (310) 788-7524
Fax: (310) 788-6624

Michael C. Baum *(Pro Hac Vice)*
mbaum@rpblaw.com
1840 Century Park East
Ste 17th Floor
Los Angeles, CA 90067
Tel: (310) 788-7520
Fax: (310) 552-3209

**HAND BALDACHIN & ASSOCIATES LLP**

By: /S/Adam Michaels/
Adam Michaels
amichaels@hballp.com
1325 Avenue of the Americas,
28th Floor
New York, NY 10019
Tel: (212) 956-9508
Fax: (212) 376-6080

Attorneys for Defendants Vayder, LLC; Paige LLC;  SFA Holdings Inc.; Saks.com LLC; Bloomingdale's, LLC; Bloomingdales.om, LLC; and Nordstrom, Inc.

SO ORDERED:

Dated: 8/7/2025

New York, New York

P. Kevin Castel
United States District Judge

11

United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEMISTRE 8, LLC,<br>a New York Limited Liability Company,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>VAYDER, LLC; PAIGE LLC;<br>SFA HOLDINGS INC.;<br>SAKS.COM LLC dba<br>SaksFifthAvenue.com;<br>BLOOMINGDALE'S, LLC;<br>BLOOMINGDALES.COM, LLC; and<br>NORDSTROM, INC.,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-08416-PKC<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

　　　　I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Confidential – Attorneys' Eyes Only Discovery Material to anyone other than persons specifically authorized by the Protective Order and that at the conclusion of the litigation, I will return all discovery information to the Party or that Party's attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Name:
　　　　　　　　　　　　　　　　　　　　Date: